STATE OF VERMONT

ENVIRONMENTAL COURT

In re: Appeal of Antonio and     }
Rita Pomerleau                }
                              }   Docket No. 233-10-00 Vtec
                              }
                              }

Decision and Order on Cross-Motions for Summary Judgment

Appellants Antonio and Rita Pomerleau appealed from a decision of the then-Zoning Board of Adjustment (ZBA) of the City of Burlington granting conditional use approval to Appellee-Applicants Lillian and Ray O' Connor to convert a single-family house to duplex use. Appellants are represented by John J. Bergeron, Esq. and Vincent A. Paradis, Esq.; Appellee-Applicants are represented by Liam Murphy, Esq.; the City is represented by Joseph E. McNeil, Esq., and Kimberlee J. Sturtevant, Esq. Appellants and Appellee-Applicants have moved for summary judgment on the applicability of § 5.1.8 of the City' s Zoning Ordinance.

Appellants withdrew Question 1 of their Statement of Questions. The present motions relate to Questions 2 and 3: whether Appellee-Applicants' proposal meets the requirements of § § 5.1.8 and 20.1.6 of the Zoning Ordinance and whether the ZBA[1] properly reviewed and made the required findings of fact called for by § 5.1.8.

The following facts are not disputed unless otherwise noted.

Appellee-Applicants own a single-family dwelling on property known as 62 Chittenden Drive in one of the City' s Residential-Low Density zoning districts, in which it is a permitted use. That site was platted as a lot in 1955. Appellee-Applicants applied to change the use of the building from its existing single-family detached dwelling use to a duplex dwelling, a conditional use in the district. The ZBA considered and approved the application as a conditional use under Article 17 and did not consider the preexisting and nonconforming use provisions of § § 5.1.8 and 20.1.6.

Appellants argue that § 5.1.8 applies to this application, and that this case should be remanded to the ZBA for the finding required by that section regarding whether the new use is less harmful or detrimental to the neighborhood than the existing use. Section 5.1.8 is entitled " Change to a Preexisting Use" and provides that:

Any modifications to a preexisting and/or nonconforming use or extent of use, including increased hours of operation, a change of use, expansions or alterations of structures or dimensions to a preexisting use, which do not otherwise conform to all provisions of this ordinance shall require a zoning permit and/or conditional use approval by the zoning board of adjustment. Any change to another use shall require, along with conditional use approval, a

finding by the Zoning Board of Adjustment that the new use is less harmful or detrimental to the neighborhood than the existing use (see Sec. 20.1.6).

Section 20.1.6, in turn, relates only to the alteration, enlargement or change in use of nonconforming uses. Section 20.1.6(c) specifically provides that a " nonconforming use may not be altered in use except to an allowed use under the provisions of the district in which it is situated, except as allowed in § 5.1.8." Several other sections of Article 20, which relates to nonconforming uses and noncomplying structures, make clear that the ordinance favors changes from nonconforming uses to conforming uses, and that a conforming use may not be changed back to a nonconforming one. § 20.1.4. Section 20.1.5 provides that a change from a nonconforming to a conforming use does not require conditional use approval unless the proposed use requires conditional use approval in that particular district.

The issue raised by this motion is created by the use of the combined " and/or" in the text of § 5.1.8. The use at issue in the present case is a conforming use that predates the zoning ordinance. That is, it is preexisting but not nonconforming. Appellants are correct that technically the first phrase of § 5.1.8 (" preexisting and/or nonconforming" ) could be interpreted to apply to the use at issue in this case. However, for the remainder of § 5.1.8 to be applicable, the proposed modification or change in use must also " not otherwise conform to all provisions of this ordinance." Appellee-Applicants' proposed change is from one conforming use (a single-family house) to another conforming use (a duplex). Both the existing use and the proposed use are allowed uses in the district; they do ' otherwise conform' to all provisions of the ordinance. Therefore, the remainder of § 5.1.8 does not apply to the present application. The proposed use as a duplex is a conforming use that must go through the conditional use approval process, as it is a conditional use in the district. However, the additional criterion of § 5.1.8, that the new use be " less harmful or detrimental to the neighborhood" than the existing use, does not apply. That additional criterion only applies when the proposed change of use is from one nonconforming use to another.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellants' Motion for Summary Judgment is DENIED and Summary Judgment is GRANTED in favor of Appellee-Applicants and the City in that neither § 5.1.8 nor Article 20 (including § 20.1.6) applies to the proposed use. It appears to the Court that all that remains is for this matter to be set for hearing on the merits of Question 4 of the Statement of Questions, as to whether the proposal meets the criteria for conditional use approval. We will hold a telephone conference on July 6, 2001 to schedule this matter for hearing.

Done at Barre, Vermont, this 7th day of June, 2001.


_____
Merideth Wright
Environmental Judge

## Footnotes

1. Although this question (and Question 4) is posed in terms of whether the ZBA properly made certain findings, we note that the proceedings are de novo before this Court.